9/13/2021 1:58 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-005183
Victoria Benavides

CAUSE NO. D-1-GN-21-005183 _____

| | | |
|---|---|---|
| ATILIANO DIAZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 459TH  JUDICIAL DISTRICT |
| | § | |
| UNIVERSAL PACIFIC RAILROAD | § | |
| COMPANY, STEDING AND SONS | § | |
| MERCANTILE LLC, UNIVERSAL | § | |
| INTERMODAL SERVICES, INC., | § | |
| QUANTUM BOTANICALS, LLC | § | |
| AND UNIVERSAL TRUCKLOAD | § | |
| SERVICES, INC. | § | TRAVIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ATILIANO DIAZ, hereinafter called Plaintiff, complaining of Defendants UNIVERSAL PACIFIC RAILROAD COMPANY, STEDING AND SONS MERCANTILE LLC, UNIVERSAL INTERMODAL SERVICES, INC., QUANTUM BOTANICALS, LLC and UNIVERSAL TRUCKLOAD SERVICES, INC. hereinafter called Defendants, and for cause of action would respectfully show unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN LEVEL

Discovery in this cause of action is intended to be conducted under Level 2 of Rule 190.3, Texas Rules of Civil Procedure.


EXHIBIT A

## II.
## JURISDICTION AND VENUE

Venue is appropriate in Travis County pursuant to Chapter 15, Texas Civil Practices and Remedies Code, in that the incident made the basis of the suit occurred within Travis County.

Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas. Pursuant to the Texas Rules of Civil Procedure, Plaintiff pleads that he seeks more than $250,000.00 but no more than $1,000,000.00 in damages.

## III.
## PARTIES AND SERVICE

Plaintiff, ATILIANO DIAZ, is an individual residing in Harris County, Texas.

Defendant, UNION PACIFIC RAILROAD COMPANY is a foreign for-profit corporation doing business in the state of Texas and may be served with process and citation by serving its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **Service is requested via Certified U.S. Mail, return receipt requested, issued by the Travis County District Clerk.**

Defendant, STEDING AND SONS MERCANTILE, LLC is a domestic limited liability company doing business in the state of Texas and may be served with process and citation by serving its registered agent: Eric Hemati, 404 Rio Grande #032, Austin, Texas 78701. **Service is requested via Certified U.S. Mail, return receipt requested, issued by the Travis County District Clerk.**

Defendant, UNIVERSAL INTERMODAL SERVICES, INC. is a corporate entity doing business in the state of Texas and may be served with process and citation by serving the manager on duty at its principal place of business, Universal Intermodal Services, Inc., 12755 E 9 Mile Road, Warren, Michigan 48089. **A citation is requested at this time.**

Defendant, QUANTUM BOTANICALS, LLC is a domestic limited liability company doing business in the state of Texas and may be served with process and citation by serving its registered agent: Eric Hemati, 404 Rio Grande #032, Austin, Texas 78701. **Service is requested via Certified U.S. Mail, return receipt requested, issued by the Travis County District Clerk.**

Defendant UNIVERSAL TRUCKLOAD SERVICES, INC. is a foreign for-profit corporation doing business in the state of Texas and may be served with process and citation by serving its registered agent: Corporate Creations Network Inc., 2425 W. Loop South #200, Houston, Texas 77027. **Service is requested via Certified U.S. Mail, return receipt requested, issued by the Travis County District Clerk.**

## IV.
## FACTS

This is a suit to recover damages for personal injuries suffered by Plaintiff ATILIANO DIAZ, on February 6, 2020, while he was in the course and scope of his employment with Defendants UNIVERSAL INTERMODAL SERVICES, INC. and UNIVERSAL TRUCKLOAD SERVICES, INC. Plaintiff was delivering a shipment from Defendant UNION PACIFIC RAILROAD COMPANY to Defendants STEDING AND SONS MERCANTILE, LLC and QUANTUM BOTANICALS, LLC at their facility at

13200 Pond Springs Road in Austin, Travis County, Texas. After delivery, Plaintiff opened the trailer doors and a large heavy box fell out and struck Plaintiff's person. Defendants' employees and/or agents, while in the course and scope of their employment with Defendants, failed to properly pack and secure the boxes in a safe manner. Plaintiff suffered severe injuries as a result of the negligent actions of Defendants' employees.

## V.
## NEGLIGENCE OF DEFENDANTS' EMPLOYEES

Plaintiff would show that on the occasion in question Defendants' employees were negligent in one or more of the following particulars:

1. In failing to properly pack the trailer Plaintiff hauled;

2. In failing to properly secure the shipment;

3. In creating an unreasonably dangerous condition; and

4. In failing to warn Plaintiff of the dangerous condition.

Plaintiff would show that each of the foregoing acts of negligence was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiff as described herein below.

## VI.
## NEGLIGENCE OF DEFENDANTS

Plaintiff would show that on the occasion in question the Defendants were negligent in one or more of the following particulars:

a. In failing to properly train its employees on the procedures for transporting goods;

b. In failing to transport items and goods in a safe manner;

c. In failing to warn Plaintiff and other business invitees of the potentially dangerous activity created by its employees; and

d. In failing to implement adequate safety programs to protect others from being injured by Defendants' negligence.

Plaintiff would show that each of the foregoing acts of negligence was a separate and distinct act of negligence and each was a direct and proximate cause of the injuries and damages suffered by the Plaintiff as described herein below.

Further, Plaintiff would show that at the time of this accident, Defendants' employees were acting in the course and scope of their employment and therefore Defendants are liable under the doctrine of respondent superior.

## VII.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff suffered and endured anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident.

B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C. Physical pain and suffering in the past;

D. Mental anguish in the past;

E. Mental anguish in the future;

F. Physical impairment in the past;

G. Physical impairment which, in all reasonable probability, will be suffered in the future;

H. Disfigurement in the past

I. Disfigurement in the future

J. Loss of earning capacity in the past; and

K. Loss of earning capacity which will, in all probability, be incurred in the future.

L. Exemplary Damages

By reason of the above, Plaintiff suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## IX.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is hereby requested to disclose, in a manner contemplated by the TRCP, the information or material described in Rule 194.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ATILIANO DIAZ, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury

through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

GLAZE | GARRETT

/s/ Jordan Glaze
**Jordan A. Glaze**
Texas Bar No. 24059826
**Josh Garrett**
Texas Bar No. 24067616
**Greg Geddie**
Texas Bar No. 24116419
P.O. Box 1599
Gilmer, Texas 75644
T: 903-843-2323/ F: 888-511-1225
J.Glaze@glazegarrett.com
**ATTORNEYS FOR PLAINTIFF**